IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Modified Atmosphere Enterprises LLC,<br><br>   Plaintiff,<br>v.<br><br>Amcor plc and Bemis Company, Inc.,<br><br>   Defendants. | Civil Action No.:  20-CV-323<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Modified Atmosphere Enterprises LLC ("MAE" or "Plaintiff"), by its undersigned attorneys, files this Complaint against Defendants Amcor plc ("Amcor") and Bemis Company, Inc. ("Bemis") (collectively, "Defendants"), alleging as follows:

**PARTIES**

1. MAE is a limited liability company formed under the laws of the State of Colorado, having a principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206.

2. On information and belief, Amcor is a public limited company formed under the laws of the United Kingdom, having a principal place of business at 83 Tower Road North, Warmley, Bristol, England, BS30 8XP, United Kingdom.

3. On information and belief, Bemis is a corporation formed under the laws of the State of Missouri, having a principal place of business at 2301 Industrial Drive, Neenah, Wisconsin 54956. On information and belief, Bemis is a wholly-owned subsidiary of Amcor.

1

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq.  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has general personal jurisdiction over Defendants because Defendants are engaged in substantial and not isolated activities within the State of Wisconsin.  *See* Wis. Stat. § 801.05(1)(d).  Defendants operate a "state of the art innovation centre in Neenah, Wisconsin." *Amcor | Innovation*, https://www.amcor.com/about/overview/innovation (retrieved March 30, 2020).  The address of the "innovation centre" is identified as an "Amcor site" on a website operated by Amcor.  *Amcor | Contact Us*, https://www.amcor.com/contact-us (retrieved March 30, 2020).  Further, the Neenah facility is Bemis's principal place of business.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), at least because Defendants have a regular and established place of business in this District located at 1513 Parkside Drive, Madison, Wisconsin 53704.  On information and belief, Defendants have committed acts of infringement in this district by at least selling and/or offering to sell Accused Products (defined below) in this District.  Further, Bemis is an alter ego of Amcor, and thus venue is proper as to Bemis to the same extent venue is proper over Amcor.

**FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS**

**A.      MAE's Intellectual Property**

7.      MAE is the owner by assignment of U.S. Patent No. 7,083,837 ("the '837 Patent"), U.S. Patent No. 6,441,340 ("the '340 Patent"), and U.S. Patent No. 6,730,874 ("the '874 Patent"), (collectively, "the Patents-in-Suit").  A true and correct copy of the '837 Patent is attached hereto

2

as Exhibit A.  A true and correct copy of the '340 Patent is attached hereto as Exhibit B.  A true and correct copy of the '874 Patent is attached hereto as Exhibit C.

8. The Patents-in-Suit relate to modified or controlled atmosphere packaging ("MAP").  In this document, MAP relates to microperforated packaging used for fresh produce, namely packaging for fresh produce wherein the packaging includes a non-porous polymeric material having microperforations for controlling and maintaining optimum atmosphere conditions within specified oxygen and carbon dioxide concentration ranges for fresh produce contained in the packaging.

9. MAP is used for agricultural products that are biologically active or respire such as fresh fruits, fresh vegetables, and fresh herbs (collectively, "fresh produce").  While the primary means to extend quality and shelf life of fresh produce is temperature control, packaging fresh produce in materials that modify or control the flow of oxygen, carbon dioxide, and moisture in and out of the packaging material can also extend the quality and shelf life.  Such packaging materials are generally referred to as modified atmosphere packaging.  By controlling the consumption and release of oxygen and the production and release of carbon dioxide and moisture, food is kept fresher longer, thus reducing waste and maximizing taste.

10. Dr. Elizabeth Varriano-Marston, the sole named inventor of the Patents-in-Suit, is a respected member of the fresh produce packaging industry.  Through her decades of work in this industry, she has developed microperforated food-packaging technology that establishes optimum atmospheric conditions for fresh produce contained therein.

11. Over fifteen years ago, Dr. Marston founded Windham Packaging LLC ("Windham") with the goal of designing packaging films for the fresh produce industry, before breathable films were widely recognized as a necessity for fresh produce packaging.  From her in-

depth knowledge and expertise of the factors affecting produce quality, including fresh-cut processing and its effects on quality, she has developed and manufactured food-packaging films based on various unique product characteristics.

12. As a result of the inventions of the Patents-in-Suit, produce companies are able to provide packaged fresh produce with an extended life, reduce food waste, and provide high-quality produce at reasonable costs.

13. The '837 Patent was filed on June 8, 2001, and was duly issued by the U.S. Patent and Trademark Office ("USPTO") on August 1, 2006. The '837 Patent issued from U.S. Patent Application No. 09/877,757 ("the '757 Application"), a divisional application of U.S. Patent Application No. 09/528,290 ("the '290 Application"), and claims priority to Provisional Application No. 60/132,388.

14. The '340 Patent was filed on March 17, 2000, and was duly issued by the USPTO on August 27, 2002. The '340 Patent issued from the '290 Application, and claims priority to Provisional Application No. 60/132,388.

15. The '874 Patent was filed on June 26, 2002, and was duly issued by the USPTO on May 4, 2004. The '874 Patent issued from U.S. Patent Application No. 10/183,326, a divisional application of the '757 Application.

16. Windham was active in licensing and enforcing Dr. Marston's patents, including through litigation. The '837 Patent and the '874 Patent were the subject of a litigation in the U.S. District Court for the Central District of California, which settled on favorable terms. The '837 Patent was also the subject of two separate proceedings in the U.S. International Trade Commission, which also settled on terms favorable to Windham.

17. Recognizing the value of Dr. Marston's groundbreaking technology, several produce companies and produce packaging companies have taken licenses to the Patents-in-Suit. These license agreements reflect the importance of Dr. Marston's contributions to the produce packaging industry as well as the strength of her intellectual property.

18. In 2020, Windham assigned the entire right, title, and interest, including the right to seek damages for past, present, and future infringement, in and to the Patents-in-Suit to MAE in order to continue enforcement.

B. **Defendants' Infringing Activity**

19. Amcor identifies itself as "a global leader in developing and producing responsible packaging for food, beverage, pharmaceutical, medical, home- and personal-care, and other products." Amcor | About, available at https://www.amcor.com/about (last visited March 8, 2020). Bemis, a wholly owned subsidiary of Amcor, identifies itself similarly. *See Bemis Packaging Solutions*, http://www.bemis.com/ (retrieved March 30, 2020).

20. On information and belief, Defendants have acted in concert with regard to the conduct complained of herein, and/or Bemis has acted under the direction and control of Amcor with regard to the conduct complained of herein. Accordingly, Defendants are jointly and severally liable for the conduct complained of herein.

1. **Infringement of the '837 Patent**

21. Defendants have infringed the '837 Patent at least by making, using, selling and/or offering for sale packaging supplied to Glory Foods, Inc. for its 16 oz. Kale Greens Package ("Glory Foods Kale Package") prior to the expiration of the '837 Patent, as well as similar products, as shown in the claim chart below. This is just one non-limiting example based on publicly available information. MAE reserves the right to modify this description, including, for example,

5

on the basis of information about the Accused Products (defined below) that it obtains during discovery.

| U.S. Patent No. 7,083,837 | Infringement by Glory Foods Kale Package |
|---|---|
| 1. An improved packaging for establishing optimum atmospheric conditions for respiring produce, comprising: | The Glory Foods Kale Package is a packaging of kale greens, a known respiring produce. |
| a non-porous polymeric material; | Upon information and belief, the Glory Foods Kale Package contains at least one of the following non-porous polymeric materials:<br><br>• Polypropylene monolayer or coextruded polypropylene<br>• Polyethylene monowebs and coextrusions<br>• Polypropylene adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polypropylene<br>• Polypropylene adhesive laminated to Polypropylene |
| a set of microperforations on said polymeric material, wherein said set of microperforations are drill holes and based on a number and a size of said microperforations, control and maintain said optimum atmospheric conditions within specified $O_2$ and $CO_2$ concentrations for said respiring produce, | The polymeric material of the Glory Foods Kale Package contains two sets of 7 microperforations, for a total of 14 microperforations, the microperforations being in the form of drill holes with an average diameter of 151 microns.<br><br>The number and size of the microperforations are effective to control and maintain optimum atmospheric conditions within specified $O_2$ and $CO_2$ concentrations for the kale greens |

| | |
|---|---|
| |  |
| said optimum atmospheric conditions containing less than about 20.9% $O_2$ and greater than about 0.03% $CO_2$, | Atmospheric conditions inside the bag were measured as containing less than about 20.9% $O_2$ and greater than about 0.03% $CO_2$ (*e.g.*, 11.3% $O_2$ and 7.9% $CO_2$).<br><br> |
| wherein said | A total $O_2$ Flux was determined to be between 150 cc/day-atm to |

7

| | |
|---|---|
| polymeric material provides a total $O_2$ Flux ranging from 150 cc/day-atm to 5,000,000 cc/day-atm | 5,000,000 cc/day-atm. |
| and wherein each of said microperforations has an average diameter between 110 and 400 microns | The microperforations were measured having an average diameter of 151 microns, which falls within the claimed range of 110 and 400 microns. |
| and said set of microperforations are placed in a registered target area on said polymeric material, said registered target area being a finite region on said polymeric material. | The set of microperforations is located in a registered target area on said polymeric material that is a finite region on said polymeric material. |

### 2. Infringement of the '340 Patent

22. Defendants have infringed the '340 Patent at least by making, using, selling and/or offering for sale the Glory Foods Kale Package prior to the expiration of the '340 Patent. The Glory Foods Kale Package was made using an infringing system, as shown in the claim chart below. This is just one non-limiting example based on publicly available information. MAE

8

reserves the right to modify this description, including, for example, on the basis of information about the Accused Products (defined below) that it obtains during discovery.

| U.S. Patent No. 6,441,340 | Infringement by Glory Foods Kale Package |
|---|---|
| 1. A microperforation system for making microperforations in a registered target area of packaging material, comprising: | The Glory Foods Kale Package was made using a microperforation system for making microperforations in a registered target area of packaging material. |
| a polymeric web; | Upon information and belief, the Glory Foods Kale Package was made using at least one of the following non-porous polymeric web materials:<br><br>• Polypropylene monolayer or coextruded polypropylene<br>• Polyethylene monowebs and coextrusions<br>• Polypropylene adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polypropylene<br>• Polypropylene adhesive laminated to Polypropylene |
| a laser mounted over said web;<br><br>a sensor to identify said target area on said packaging material; | The microperforations in the Glory Foods Kale Package were drilled using a laser mounted over the polymeric web. Amcor has used lasers to drill microperforations in its MAP packaging material at least since 2005. Aaron L. Brody, "What's Fresh About Fresh-Cut," *Food Technology Magazine*, Vol. 59, No. 1 (Jan. 2005) ("One long-time leader in this area is Amcor Flexibles, whose P-Plus film started with Pulse Spark technology and has moved on to laser technology.") (*available at* https://www.ift.org/news-and-publications/food- |

9

| | |
|---|---|
| a laser controller to drill said microperforations in said target area; and | technology-magazine/issues/2005/january/columns/packaging (retrieved March 30, 2020). Further, the measured microperforations in the Glory Foods Kale Package had a level of precision suggesting that they were drilled with a laser. The Glory Foods Kale Package also contains an eye-mark, which triggers a sensor to generate a signal to the laser controller to fire at a preselected location on the film. |
| a processor coupled to said laser controller and said sensor, said processor performing calculations, wherein said calculations control a fresh produce package atmosphere within specified $O_2$ and $CO_2$ concentrations and wherein said calculations determine an optimal number and size of said microperforations of said target area. | On information and belief, the microperforations in the Glory Foods Kale Package were made using a system that includes a processor coupled to the laser controller and sensor. As discussed above with respect to the '837 Patent, the Glory Foods Kale Package was made to create a fresh produce package atmosphere within specified $O_2$ and $CO_2$ concentrations, and an optimal number and size of said microperforations of said target area were determined based on the fresh produce package atmosphere.<br><br>On information and belief, the processor performed calculations to control the fresh produce package atmosphere, and such calculations determined the optimal number and size of said microperforations of said target area. |

### 3. Infringement of the '874 Patent

23. Defendants have infringed the '874 Patent at least by making, using, selling and/or offering for sale the Glory Foods Kale Package prior to the expiration of the '874 Patent. The Glory Foods Kale Package was made using an infringing process, as shown in the claim chart below. This is just one non-limiting example based on publicly available information. MAE reserves the right to modify this description, including, for example, on the basis of information about the Accused Products (defined below) that it obtains during discovery.

10

| U.S. Patent No. 6,370,874 | Infringement by Glory Foods Kale Package |
|---|---|
| 1. A produce packaging material process, comprising the steps of: | The Glory Foods Kale Package is a produce packaging material made using a produce packaging material process. |
| selecting an appropriate polymeric base material for specified $CO_2/O_2$ transmission rates; | Upon information and belief, the Glory Foods Kale Package was made using at least one of the following non-porous polymeric web materials:<br><br>• Polypropylene monolayer or coextruded polypropylene<br>• Polyethylene monowebs and coextrusions<br>• Polypropylene adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polyethylene<br>• Polyester adhesive-laminated to Polypropylene<br>• Polypropylene adhesive laminated to Polypropylene<br><br>As discussed above with respect to the '837 Patent, the Glory Foods Kale Package was made to have specified $CO_2/O_2$ transmission rates. |
| calculating an optimal number and size of microperforations for said base material; | As discussed above with respect to the '340 Patent, the Glory Foods Kale Package contains a calculated optimal number and size of microperforations. |
| locating a target area on said base material; | As discussed above with respect to the '340 Patent, the Glory Foods Kale Package was made by locating a target area on the base material, positioning a laser over the target area, and drilling microperforations in the target area with a laser. |

| | |
|---|---|
| positioning a laser over said target area; and<br><br>drilling said microperforations in said target area with said laser. | |

24.     Prior to the expiration of the Patents-in-Suit, Defendants made, used, sold, and offered for sale the Glory Foods Kale Package and similar products ("Accused Products"), including Accused Products made by infringing processes using infringing systems, throughout the United States, including within this District.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '837 Patent)

25.     MAE incorporates herein by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

26.     Defendants infringed the '837 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by at least making, using, selling, and/or offering for sale the Accused Products prior to the expiration of the '837 Patent.

27.     Defendants' infringement of the '837 Patent has caused damage to MAE in an amount to be ascertained at trial.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '340 Patent)

28.     MAE incorporates herein by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

29. Defendants infringed the '340 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by at least making the Accused Products prior to the expiration of the '340 Patent.

30. Defendants' infringement of the '340 Patent has caused damage to MAE in an amount to be ascertained at trial.

### THIRD CLAIM FOR RELIEF
**(Infringement of the '874 Patent)**

31. MAE incorporates herein by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

32. Defendants infringed the '874 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least by making the Accused Products prior to the expiration of the '874 Patent.

33. Defendants' infringement of the '874 Patent has caused damage to MAE in an amount to be ascertained at trial.

### PRAYER FOR RELIEF

WHEREFORE, MAE respectfully requests that the Court enter judgment as follows:

A. Declaring that Defendants have infringed the Patents-in-Suit;

B. Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty, for Defendants' infringement, including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C. Ordering an award of reasonable attorneys' fees against Defendants to MAE as provided by 35 U.S.C. § 285 or other relevant law or provision;

D. Awarding expenses, costs, and disbursements in this action against Defendants, including prejudgment interest; and

E.	Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MAE hereby demands a trial by jury in this action of all claims so triable.

Dated:  April 3, 2020								Respectfully submitted,

By: */s/ Barry J. Blonien*
Barry J. Blonien
Boardman & Clark LLP
1 S. Pinckney Street, Suite 410
PO Box 927
Madison, WI 53701-0927
Telephone: 608-257-9521
bblonien@boardmanclark.com

Robert R. Brunelli
	rbrunelli@sheridanross.com
Scott R. Bialecki
	rbrunelli@sheridanross.com
Matthew C. Holohan (To be admitted *pro hac vice*)
	mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:	303-863-9700
Facsimile:	303-863-0223
E-mail:	litigation@sheridanross.com

BRADFORD, LTD
Aaron P. Bradford (to be admitted *pro hac vice*)
2701 Lawrence Street, Suite 104
Denver, CO 80205
(303) 325-5467
Aaron@apb-law.com

*Attorneys for Plaintiff*
*Modified Atmosphere Enterprises LLC*